IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KRIS WHITEHEAD**     **PLAINTIFF**

V.     NO. 1:23-CV-92-DMB-DAS

**UROLOGY P.A., et al.**     **DEFENDANTS**

## ORDER

On July 3, 2023, Kris Whitehead filed a complaint in the United States District Court for the Northern District of Mississippi against Urology P.A.; Urologic Ambulatory Surgery Center, LLC; Dr. C. Stephen Farmer, II; Dr. J. Timothy Posey; Dr. Paul B. Farabaugh; Dr. Jonathan R. Kalish; Dr. W. Hughes Milam; Kyle Fallin; and Nail McKinney, P.A. Doc. #1. Asserting diversity jurisdiction, the complaint alleges that (1) Whitehead is a citizen of Alabama; (2) Urology P.A., is a corporation with both its principal place of business and state of incorporation in Mississippi; (3) Urologic Ambulatory Surgery Center, LLC is a Mississippi limited liability company and "each of its member partners are Mississippi citizens;" (4) Farmer is a citizen of Mississippi; (5) Posey is a citizen of Mississippi; (6) Farabaugh is a citizen of Mississippi; (7) Kalish is a citizen of Mississippi; (8) Milam is a citizen of Mississippi; (9) Fallin is a citizen of Mississippi; and (10) Nail McKinney, P.A. is a corporation with both its principal place of business and state of incorporation in Mississippi. *Id.* at 1–3.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that "all persons on one side of the controversy

… be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020).

"[T]he citizenship of an LLC is determined by the citizenship of all of its members. So, to establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (cleaned up). General allegations regarding the citizenship of all members of a limited liability company does not satisfy this standard. *PCS Nitrogen Fertilizer, L.P. v. Providence Eng'g & Env't Grp., LLC*, No. 20-856, 2020 WL 7646381, at *1 (M.D. La. Dec 23, 2020) (collecting cases). Similarly, the citizenship of professional associations and partnerships is determined by the citizenship of their partners or members. *NL Indus., Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 561 (N.D. Tex. 2006).

Because the complaint here alleges that all "member partners" of Urologic Ambulatory Surgery Center are citizens of Mississippi without specifically identifying its members, its citizenship is not adequately alleged. And if any of its "member partners" is a partnership, the identity and citizenship of each such partner must be alleged. Finally, to the extent Urology P.A. and Nail McKinney, P.A. are professional associations as their names suggest, the identity and citizenship of their partners or members must be alleged. So, within fourteen (14) days of the entry of this order, Whitehead, as the party invoking this Court's jurisdiction, is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of diversity jurisdiction. If diversity jurisdiction can be properly established, within the same fourteen-day period, he may amend the complaint pursuant to 28 U.S.C. § 1653 to cure the deficient jurisdictional allegations.

**SO ORDERED**, this 17th day of July, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**